# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF D. BRIAN BOGGESS, BAR NO. 4537.

No. 69152

FILED

JAN 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney D. Brian Boggess. Under the agreement, Boggess admitted to multiple violations of RPC 1.3 (diligence), RPC 1.15 (safekeeping property), and RPC 8.4 (misconduct).

Boggess was admitted to practice law in Nevada in 1992. As the result of bookkeeping errors starting in 2009, the balance in Boggess' trust account repeatedly fell below the amount that should have been in the account on behalf of multiple clients. During the relevant time, Boggess was not reviewing his trust account statements. When he learned of the errors, he obtained a personal loan in the amount of $75,000 and deposited the money into his trust account. Additionally, during the same time period, three clients complained to the State Bar that Boggess failed to diligently pursue the matters for which he had been retained. The plea agreement and information provided to the hearing panel indicate that no clients suffered financial loss or other injury.

Under the plea agreement, Boggess agreed to a 24-month suspension with all but 3-months stayed, provided that he successfully

16-02327

completes a two-year probationary period. He further agreed to the following conditions during the probationary period: (1) he must perform and pay for an audit of his trust accounts for the two-year period immediately preceding the entry of his conditional guilty plea and present the results of that audit to the State Bar; (2) if the audit reveals that any individuals have suffered a financial loss, he must pay full restitution to those individuals; (3) on a quarterly basis, he must provide itemized statements for his trust accounts, copies of cancelled checks, deposit slips, settlement disbursement sheets, and any invoices needed to justify disbursements from the account, and any other records the State Bar may demand as necessary to ensure that the trust account is sound; (4) he must not commit any further disciplinary violations during the probationary period; (5) he must complete in person an additional six continuing legal education (CLE) hours in law-office management during the probation period;[1] and (6) he must pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated, Boggess' mental state (negligence), the lack of any actual injury to a client, the aggravating circumstances (prior disciplinary offenses,[2] a pattern of misconduct, multiple offenses, and substantial

---

[1]These CLE hours are in addition to the annual minimum CLE requirements set forth in SCR 210.

[2]Boggess previously has received three reprimands—one each in 2007, 2010, and 2013. Those reprimands did not involve violations similar to those admitted here but they did involve some of the same lack of communication underpinning the client complaints at issue here.

experience in the practice of law), and the mitigating circumstances (personal or emotional problems, timely good faith effort to make restitution or to rectify consequences of misconduct, delay in disciplinary proceedings, and remorse),[3] we agree that the discipline set forth above is sufficient to serve the purpose of attorney discipline. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (identifying four factors that must be weighed in determining the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"); ABA Standards for Imposing Lawyer Sanctions, *Compendium of Prof'l Responsibility Rules and Standards*, Standard 4.12 (2015) (providing that absent aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"); *see also State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).[4]

---

[3]We note that during the years between the misconduct and the disciplinary proceedings, Boggess made changes to his practice and testified at the formal hearing that he now reviews the account reconciliations and trust statements on a monthly basis.

[4]Although a reprimand would generally be appropriate for the diligence violations, *see* ABA Standard 4.43 ("Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."), we agree with the hearing panel that the aggravating factors, multiple violations, and pattern of negligence in dealing with client property support a suspension.

We hereby impose a 24-month suspension. Boggess shall serve three months of the suspension, commencing from the date of this order, and the remainder of the suspension shall be stayed pending his successful completion of a two-year probationary period. The probationary period shall commence upon entry of this order. To successfully complete the probationary period, Boggess must comply with all of the conditions in the plea agreement, as outlined above. Boggess shall comply with SCR 115. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc:  Chair, Southern Nevada Disciplinary Board
     Olson, Cannon, Gormley, Angulo & Stoberski
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court